JOSÉ GONZÁLEZ LUESO, recurrente y apelante, *v.* CORTE MUNICIPAL DE CIALES, HON. LUIS MARTORELL, JUEZ, recurrido y apelado, y EPIFANIO RODRÍGUEZ SANTIAGO, interventor, demandante en el pleito principal.

Núm. 7425.—*Sometido:* Mayo 1, 1939. *Resuelto:* Mayo 31, 1939.

*V. Polanco de Jesús,* abogado del apelante; *Angel Rivera Colón,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Los hechos de este caso han sido expuestos detalladamente en la opinión original que emitimos el 22 de diciembre de 1938 (ante, pág. 18), que fué más tarde dejada sin efecto a virtud de una moción de reconsideración.

Brevemente expuesta, la verdadera cuestión ante el tribunal es si al acreedor hipotecario, José González Lueso, que era el demandado en el pleito original sobre reclamación de hogar seguro, debe dársele ahora la opción de pagar al deudor hipotecario, Epifanio Rodríguez Santiago, la suma de $500, o de entregarle un trozo de la finca ejecutada valorado en $500, en pago de su derecho de hogar seguro.

La demanda original en este caso fué radicada ante la Corte Municipal de Ciales y estaba intitulada "Cobro de dinero por *homestead*". La parte demandada en dicho caso apeló para ante la Corte de Distrito de Arecibo y ésta confirmó la sentencia de la corte inferior, resolviendo que el acreedor hipotecario podía resarcir a la persona con derecho al hogar seguro, bien pagándole la suma de $500 en efectivo, o traspasando a dicho deudor un trozo del inmueble valorado en dicha suma. Fundamentalmente este pronunciamiento debió haber puesto fin al presente litigio y obviado así todo procedimiento ulterior.

El aquí apelante pudo primeramente convencer al juez municipal de que éste no tenía jurisdicción para ejecutar su sentencia. Luego de corregirse esta situación mediante *certiorari*, la corte municipal expidió una orden general de ejecución contra González Lueso en cobro de los $500. El acreedor hipotecario entonces acudió ante la corte de distrito con un recurso de *certiorari*, que fué eventualmente declarado sin lugar, principalmente a base de que con sus supuestas actuaciones dilatorias posteriores en el procedimiento la parte demandada había perdido el derecho a disfrutar de cualquier opción que originalmente hubiera podido tener.

En nuestra anterior opinión teníamos algunas simpatías en favor del criterio adoptado por la corte de distrito. Ade-

más, la transcripción de autos en apelación no era un modelo de lo que tal transcripción debe ser. Algunos de los documentos más importantes fueron incorporados a los autos después de haberse radicado los alegatos.

Nos parece que este litigio se ha prolongado innecesariamente mucho más allá de sus límites razonables. La controversia fué claramente resuelta y el remedio quedó prescrito en la opinión original emitida por la Corte de Distrito de Arecibo.

Luego de haber dicho la corte inferior en su sentencia que el demandado admitía que el demandante tenía un derecho de hogar seguro en la finca en cuestión, declaró que tal derecho de hogar seguro existía y describió la propiedad objeto del litigio, siendo la parte dispositiva de la sentencia como sigue:

"El derecho de hogar seguro que por esta sentencia se reconoce al demandante puede serle entregado por el demandado, bien en la suma reconocida por la ley, ascendente a quinientos dólares; o bien, haciéndole entrega de una porción de dicha finca cuyo valor sea estimado en esa cantidad."

Esta sentencia era el *res adjudicata* del caso. La sentencia como tal nunca ha sido atacada, sino únicamente algunos de los procedimientos que una u otra de las partes trató de llevar a cabo en la corte municipal.

Luego de haber oído una vez más al apelante, nos inclinamos a concederle otra oportunidad para que cumpla con la sentencia de la Corte de Distrito de Arecibo. Con toda probabilidad lo mejor que José González Lueso podría hacer sería pagar a Epifanio Rodríguez Santiago la suma de $500, a condición de que éste desistiera de cualquier reclamación de hogar seguro.

*La sentencia dictada por la Corte de Distrito de Arecibo debe ser revocada, con instrucciones de que el caso sea devuelto a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Hutchison disintió. *

---

* NOTA: Véase el prefacio.